IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Oracio Sanchez Jr., <br> Plaintiff <br><br> VS. <br><br> George M. Little Acting Secretary for the Pa. Department of Corrections, <br> Defendant | Civil Action No. 2:22-cv-1682 |

RECEIVED

NOV 2 8 2022

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

## MEMORANDUM OF LAW IN SUPPORT OF
## 42 U.S.C.S. §1983 CIVIL ACTION COMPLAINT

### I. Jurisdiction and Avenue

This is a civil action authorized by 42 U.S.C.S. §1983 to redress the deprivation under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C.S. §1331 and §1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C.S. §2201 and §2202. Plaintiff's claim for injunctive relief are authorized by 28 U.S.C.S. §2283 and §2284 and Rule 65 of the Federal Rules of Civil Procedure.

The Western District is the appropriate venue under 28 U.S.C.S. 1391 (b)(2) because it is where events giving rise to this claim occurred.

### II. Exhaustion of Legal Remedies

On February 25, 2022, Plaintiff received a memo dated February 24, 2022 from George M. Little the Secretary (hereinafter Secretary Little) of Pennsylvania Department of Corrections (hereinafter PA.DOC.). The memo states in part "[t]he Department currently offers Ceremonial meals pursuant to DC-ADM 819 for these meals, food services prepares a separate meal apart from the mainline meal and inmates are able to

1

purchase optional menu items. With the ever-growing number of the faith groups accommodated within the Department, a change in policy is needed to continue to strive for equity among those faith groups.

"Beginning January 1, 2023, faith groups accommodated with ceremonial meals will instead be accommodated with up to two (2) Fellowship meals a year. Fellowship meals permit inmates of those faith groups to provide input on the mainline 'best meal' to be served at two holy day observances per year; however, optional menu items will no longer be available. Additionally, members of each faith group will be able to eat together and afterwards engage in thirty (30) minutes of fellowship, provided communal gatherings are permitted at that time." (*See* **Exhibit 1** Memo from George M. Little)

Plaintiff filed a grievance on March 10, 2022, the grievance was denied March 21, 2022. Plaintiff appealed to the facility manager on March 29, 2022, his appeal was denied on April 7, 2022. Plaintiff filed his final grievance appeal on April 14, 2022, his appeal was denied July 1, 2022. (*See* **Exhibit 2** Exhaustion of Administrative Remedies).

### III. Legal Claim

**I. George M. Little's memo changing the DC-ADM 819 to stop the purchase of additional menu items for ceremonial meals violates the Religious Land Use and Institutionalized Persons Act, 42 U.S.C.S. §2000cc et. seq..**

The Plaintiff an inmate at the Pennsylvania State Correctional Institution of Fayette has followed the Hebrew Israelite faith for about 7 years. As a Messianic Hebrew Israelite, Plaintiff, believes in both the Old and New Testament. That Yahshua (known to the world as Jesus) is the Messiah Son of Yahweh, whom was sent to die for the people

2

as prophesied in Isaiah 53. Plaintiff believes in calling the Father and His Son by their original Hebrew Names and that calling upon their Names is essential to a person's salvation. Plaintiff believes that the Biblical Israelites were a Black and Brown skinned people and that the modern day Israelites are the progeny of the slaves taken during the Trans-Atlantic slave trade. But that people of ALL races, ethnic origins, nationalities, and gender can become part of the Nation of Israel, as long as they believe in Yahshua as the Messiah and keep the commandments of Yahweh. Plaintiff believes that keeping the commands of Yahweh and belief in Yahshua is essential to an individual's salvation.

In keeping the commandments of Yahweh Plaintiff observes Passover as instructed in Exodus chapter 12. Yahweh commands Israel to eat roasted lamb, bitter herbs, unleavened bread, and grape juice. Yahweh further commands that this meal must be eaten that night nothing may be saved for the following morning.

Passover is such a big deal that Yahweh our Mighty One tells us in Numbers chapter 9 verses 9-13 that if we cannot observe Passover in its appointed time for a legitimate reason that we can celebrate it on the same day the following month, but WE MUST OBSERVE PASSOVER. If we do not, the Scriptures say that we will be cut off from the Nation of Israel. Although Passover was meant to be kept at the Temple in Jerusalem. We can no longer observe Passover at the Temple due to its destruction by the Roman Empire in 70 A.D. Yahshua the Messiah told us in John chapter 4 verses 19-24 that there will come a time that no one will worship the Father at Jerusalem but will worship in Spirit and in Truth. Yahshua kept the Passover with his disciples before he was nailed to the stake, Matthew chapter 26 verses 17-29. Even after the Messiah's death his followers still observed Passover. In Paul's letter to the Corinthians he told them how

to conduct themselves during Passover, 1 Corinthians chapter 5 verses 6-8, and chapter 11 verses 17-29. This was done many years after Yahsua's death.

This suit stems from the February 24, 2022, transition to fellowship meals memo signed by Secretary Little. The memo is informing ALL inmates that PADOC policy DC-ADM 819 permitting religious groups to purchase optional menu items will change in 2023. Religious groups will no longer be permitted to purchase optional menu items.

"To prevail on a claim under the RLUIPA, an inmate's burden is twofold: He must show that (1) the relevant religious exercise is 'grounded in a sincerely held religious belief:' and (2) the government's action or policy 'substantially burdens that exercise' by, for example, forcing the Plaintiff 'to engage in conduct that seriously violates [his or her] religious belief.'" *Nunez v. Wertz*, 2017 U.S. Dist. LEXIS 142825, *19 (M.D.PA. 2017) citing *Holt v. Hobbs*, 135 S.Ct. 853, 862 (2015).

The United States District Court in *Washington v. Klem*, 497 F.3d 272 (3rd Cir. 2004) defined what a "substantial burden" is under the RLUIPA. The court held that for the purpose of RLUIPA a substantial burden exist where: 1) a follower is forced to choose between the precepts of his religion and forfeiting benefits otherwise generally available to other inmates verses abandoning one of the precepts of his religion in order to receive benefits: OR 2) the government puts substantial pressure on an adherent to modify his behavior and to violate his beliefs. **Id. at 280.**

## Sincerely Held Beliefs

Plaintiff does not believe that the sincerity of his belief will be an issue in this case, but whether Plaintiff is being substantially burdened by Secretary Little's change in

4

policy barring religious groups from purchasing optional menu items in addition to the meal that is being provided by the institution.

If Plaintiff's sincerity is challenged, Plaintiff avers the following in support of his sincerely held beliefs:

1) Plaintiff is the Hebrew Israelite facilitator at SCI Fayette;

2) Plaintiff has a great attendance record;

3) Plaintiff has requested several religious accommodations from the Bureau of Treatment Services, and;

4) Petitioner has previously filed a civil suit (*Sanchez v. Klemm* et al., 2:19-cv-1429) alleging RLUIPA and 14th Amendment violations that was settled out of court via private settlement agreement.

Before any religious request can be granted the FCPD at the institution has to conduct an interview to see if you are sincere about your beliefs. As can be seen Plaintiff is sincere about his belief as a Hebrew Israelite.

## Substantial Burden

The policy barring inmates from purchasing additional optional menu items during ceremonial meals for religious purposes substantially burdens the Plaintiff. In the final disposition of Plaintiff's Grievance the Bureau of Treatment Services allege that he is not being substantially burdened by the change in policy because he is not being forced to consume food items from mainline including the best mainline meal. That Plaintiff may apply for one of three religious diets that will be served to inmates at fellowship meals. (*See* **Exhibit 2** last page).

This change in policy substantially burdens Plaintiff. Plaintiff has dietary specifications that must be met for his holy days. Specifically for Passover he is mandated to eat roasted lamb, bitter herbs, unleavened bread, and grape juice. None of the best "mainline meals" nor any of the available religious diets meet those requirements. Thus, the Defendants forcing Plaintiff to consume the mainline meal or a religious diet is parity to not observing Passover at all, violating his religious beliefs.

Just because Plaintiff has a meal on the day of Passover does not make it the Passover meal. The food items the Hebrew Israelite faith mandates Plaintiff to eat has religious significance. The lamb represents Yahshua the Messiah and how through the shedding of his blood death will Passover us during the Day of Judgment. Bitter herbs represent the hardships and bitterness Israel went through in Egypt. Unleavened bread represents Israel's hasty departure out of Egypt; it also represents sincerity and truth. The grape juice represents the blood of the covenant.

In *Washington v. Klem*, *Supra*. the court held that the PADOC's ten book policy constituted a substantial burden on *Washington's* religious exercise because it prevented him from reading four books per day and teaching others about the African people.

In the United States Supreme Court in *Holt v. Hobbs*, 190 LED 2d 747 (2015). held that the Arkansas State prison policy preventing an inmate from growing a short beard violated the RLUIPA because it placed a substantial burden on his sincerely held beliefs.

In the case *sub judice,* Plaintiff's sincerely held beliefs are being substantially burdened by the Defendants change in policy prohibiting the purchase of additional menu items.

6

The Proper observance of Yahweh's holy days found in Leviticus 23 is a major tenet of Plaintiff's belief as a Hebrew Israelite. Thus, the PADOC's policy prohibiting Plaintiff continuing to purchase optional menu items violates his religious beliefs and places a substantial burden on his ability to practice his religion.

Since Plaintiff has met his burden of showing that the Defendants change in policy substantially burdens his exercise of religion, the burden shifts to the Defendants to show that it's refusal to allow Plaintiff to purchase additional menu items was (1) in furtherance of a compelling governmental interest; and (2) was the least restrictive means of furthering that compelling governmental interest. *Holt Id. at 756.*

### Compelling Governmental Interest

The Defendants alleged compelling governmental interest is, "[w]ith the ever-growing number of faith groups accommodated within the department, a change in policy is needed to continue to strive for equity among those faith groups." (*See* **Exhibit 1** Memo from George M. Little)

Plaintiff avers that the ever-growing number of faith groups in the PADOC does not warrant the prohibition of purchasing optional menu items for religious meals. The only reasonable compelling governmental interest the PADOC can allege is the reduction of the time allotted for ceremonial meals, not the purchase of optional menu items.

Currently, PADOC policy allots a maximum of (3) three hours for ceremonial meals. This limit includes the time for processing inmates to and from the location of the ceremonial meal. (*See* **Exhibit 3** DC-ADM 819 pg. 1-8 section d.)

Religious groups accommodated with ceremonial meals already fellowship. During the (3) three hours allotted for ceremonial meals Hebrew Israelites (and every

7

other religious group) are fellowshipping as they eat, they do not eat in silence. Moreover, the PADOC already provides every religious group accommodated with ceremonial meals with an institutional meal; whether or not members of a particular religious group decide to purchase optional menu items.

Furthermore, the PADOC incurs little to no cost when the Hebrew Israelites (or any other religious group) have a ceremonial meal. The PADOC provides a meal consisting of baked chicken, baked potato, and salad for Yom Teruah (known as Rosh-Hashanah). For Passover the meal the PADOC provides: "1 cup fresh salad, 1 medium baked potato, 2-each hard cooked eggs in shell, ½ cup beets, 1 cup raw vegetables (carrot, celery sticks, other), 2-pieces each kosher Passover Matzah, 1 cup fruit compote (fresh or canned fruit combination) 8oz calcium-fortified juice beverage, condiments: 2-each salt, pepper, margarine packets." (*See* **Exhibit 4** 2022 Passover Memo pg. 7).

With the exception of Matzah the food items provided by the institution for religious meals are items the institution regularly feeds it's inmate population. A box of Matzah is around $6 to $7 and normally contains 14 pieces of Matzah. Thus, one box of Matzah is enough for 7 people. Hebrew Israelites are a fairly small religious group within the PADOC; two boxes of matzah is enough for the entire SCI-Fayette Hebrew Israelite population.

The fact that the PADOC incurs some expense does not make it a governmental interest. 42 U.S.C.S. §2000cc-3(c) says "...[T]his act may require a government to incur expenses in its own operations to avoid imposing a substantial burden on religious exercise."

8

The PADOC does not pay and never has paid for the optional menu items. Cost has always been imposed upon the religious adherents participating in their feast. (*See* **Exhibit 3** DC-ADM 819 pg. 1-8 section g.) Thus, the cost of purchasing optional menu items is not a compelling governmental interest.

## Least Restrictive Means

"The least restrictive means standard is exceptionally demanding and it requires the government to show that it lacks other means of achieving its designed goal without imposing a substantial burden on the exercise of religion by the objecting party... If a less restrictive means is available for the government to achieve it's goals, the government *must use it.*" ***Holt, Id. at 758.*** (Emphasis added).

The phrase least restrictive means is, by definition a relative term. It necessarily implies a comparison with other means. Because this burden is placed on the government, it must be the other party to make this comparison.

Plaintiff avers that the blanket ban prohibiting the purchase of optional menu items is NOT the least restrictive means. There is at least one less restrictive means the does not impose a substantial burden. That being:

1) Allow religious ceremonial food items to be donated by any individual organization, vendor or community. Currently, PADOC policy permits monetary donations from individuals and organizations to offset the cost for the optional menu items but does not permit them to donate the actual food items. The donated food items would be cooked and/or prepared by the PADOC as is/was required prior to the change in policy.

9

## Conclusion

The change in policy that prohibits the purchase of optional menu items: 1) substantially burdens Plaintiff's ability to practice his religion; 2) there is no compelling governmental interest in prohibiting the purchase of optional menu items; violating the Religious Land Use and Institutionalized Persons Act.

The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff will be irreparably injured by the conduct of the Defendants.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment granting Plaintiff:

1) A preliminary injunction stopping the change in PADOC policy from taking effect on January 1, 2023, until the conclusion of this civil suit;

2) A declaration that the acts and omissions described herein violate Plaintiff's rights under the laws of the United States,

3) A permanent injunction ordering Defendant George M. Little, to allow Plaintiff to continue purchasing optional menu items for his religious ceremonial meals, and;

4) Plaintiff's cost in this civil suit.

DATED: 11/21/22

RESPECTFULLY SUBMITTED,

*[signature]*
Oracio Sanchez
Inmate Number KR-8346
SCI Fayette
50 Overlook Dr.
Labelle, Pa. 15450

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Oracio Sanchez Jr.,<br>Plaintiff | Civil Action No. _____ |
| VS. | |
| George M. Little Acting Secretary for the<br>Pa. Department of Corrections,<br>Defendant | |

## **STATEMENT OF VERIFICATON**

I, Oracio Sanchez Jr., hereby verify that all statements made herein are true and correct to the best of my personal knowledge and belief and that any false statements are subject to the penalties of perjury 28 U.S.C. §1746.

DATED: 11/24/22

RESPECTFULLY SUBMITTED,

*Sanchez*
Oracio Sanchez
Inmate Number KR-8346
SCI Fayette
50 Overlook Dr.
Labelle, Pa. 15450

11

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Oracio Sanchez Jr.,<br>Plaintiff<br><br>VS.<br><br>George M. Little Acting Secretary for the<br>Pa. Department of Corrections,<br>Defendants | Civil Action No. _____ |

## PROOF OF SERVICE

I, Oracio Sanchez Jr., hereby certify that a true and correct copy of this motion for leave to file an amended/supplemental complaint is being served upon the people listed below in accordance with the governing rules of court including the prisoner mailbox rule.

Service by mail:
**4 Copies**

Prothonotary
U.S. District Court
700 Grant St.
Room 3110
Pitt., Pa. 15219

DATED: 11/21/22

RESPECTFULLY SUBMITTED,

*Sanchez*
Oracio Sanchez
Inmate Number KR-8346
SCI Fayette
50 Overlook Dr.
Labelle, Pa. 15450

12