## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORACIO SANCHEZ, JR, | ) |
| Plaintiff, | ) ) ) ) Civil Action No. 2:22-1682 |
| v. | ) ) |
| GEORGE M. LITTLE, | ) ) |
| Defendant. | ) |

### MEMORANDUM ORDER

Plaintiff has filed a motion to compel (ECF 26) regarding what he characterizes as inadequate responses to discovery directed to Defendant. For the reasons set forth below, his motion will be granted in part and denied in part.

As stated in Plaintiff's Complaint, his claim relates to a change in policy regarding ceremonial meals. This policy change is stated in a memo dated February 24, 2022 that appears to have been authored by Defendant Little and is attached to the Complaint. In his Answer to the Complaint, Defendant admits that he was the Acting Secretary of the Department of Corrections during the events alleged in the Complaint. Based upon Defendant's role at that time and the nature of Plaintiff's claims, certain responses by Defendant to Plaintiff's discovery are inadequate, as outlined below.

A. Plaintiff's First Request for Interrogatories

Plaintiff directed seven interrogatories to Defendant. Defendant's response to each of these interrogatories states that he does not know the answer and is no longer employed by the Pennsylvania Department of Corrections ("DOC"). Defendant does not state when he left the employ of the DOC.

With respect to certain interrogatories, however, Defendant's answer is unresponsive because these interrogatories can fairly be read to encompass the time frame when Defendant was the Acting Secretary. Interrogatories 2, 4 and 5 ask for the definition of "ceremonial meal," "fellowship meal," and "best mainline meal," respectively. Defendant's February 24, 2022 memo uses each of these terms. Presumably, then, Defendant understood their meaning within the context of his memo. Therefore, Defendant must respond to Interrogatories 2, 4 and 5.

Further, Interrogatory 3 requests information about religious groups who were accommodated with services and ceremonial meals during a designated time frame. To the extent that Defendant has any information in his possession, custody or control that is responsive to Interrogatory 3 that relates to the time period in which he served as Acting Secretary, he must supplement his response.

Interrogatory 1 requests information about religious groups who were accommodated with ceremonial meals in 2023. If Defendant was employed as Acting Secretary at any time in 2023, he must respond with any information in his possession regarding Interrogatory 1.

Finally, as Interrogatories 6 and 7 seek information about how third parties make certain choices, Defendant will not be required to respond to these Interrogatories.

B. Requests for Production of Documents

With respect to each of Plaintiff's requests for production, Defendant has responded that he does not have access to any of the requested documents because he is no longer employed by the DOC. He also represents that does not know if the documents requested in Requests 2, 5, 6 and 7 exist. Given the fact that as a former employee, Defendant would not have current access to the requested documents, and the documents that were produced by Defendant are publicly available, Plaintiff's motion to compel with respect to his document requests will be denied.

C. <u>Request for Admissions</u>

Defendant represents that he does not know the answer to Requests 1, 2, 3 and 4, which relate to religious requirements and portions of the Bible. Pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, a party may assert lack of knowledge or information as a reason for failing to admit or deny a request. However, the party must also state that he has made a reasonable inquiry and that the information that he knows or can readily obtain is insufficient to enable him to admit or deny the request. Defendant has not so stated. Thus, he must supplement his response to Requests 1 through 4.

Defendant's responses to Requests 5 and 6 simply state that he does not know the answer and that he is no longer employed by the DOC. Defendant served as Acting Secretary of the DOC at the time of the events at issue, and the fact that he is no longer so employed does not necessarily lead to a conclusion that he cannot admit or deny these requests. Further, he failed to state that he has made a reasonable inquiry regarding these requests and that the information that he knows or can readily obtain is insufficient to enable him to admit or deny the request. Therefore, Defendant must supplement his responses to Requests 5 and 6.

D. <u>Other Relief Sought</u>

Plaintiff's motion also seeks various sanctions, including an admonishment of defense counsel, reimbursement of postage and copying expenses and compensation of $500.00 for having to file his motion. All such requested relief is denied. As noted in this order, the appropriate remedy to assertions of inadequate discovery responses is to require supplementation. Moreover, Defendant is only required to respond to discovery by providing information that is within his knowledge and documents within his possession, custody and control, and the fact that he is no

longer employed by the DOC may well limit his ability to do so.  Finally, as Defendant notes, Plaintiff's discovery was directed to Defendant Little, not the present Acting Secretary, who is not a party, and therefore she has no duty to respond.

Plaintiff's request that documents and correspondence be served through the DOC's legal/privileged mail system will be denied.  Pursuant to DOC policy, mail from Defendant must be served via Smart Communications.

Finally, the Court will address Defendant's motion to amend the caption to include the Acting Secretary of the DOC in a separate order after it is fully briefed.

Therefore, it is ORDERED that Plaintiff's motion to compel is granted in part.  Defendant Little shall provide supplemental responses to Interrogatories 1, 2, 3, 4 and 5 and Request for Admissions 1 through 6 no later than June 13, 2023.

Plaintiff's motion is otherwise denied.

Dated: May 23, 2023                             BY THE COURT:


                                                /s/ Patricia L Dodge
                                                PATRICIA L DODGE
                                                UNITED STATES MAGISTRATE JUDGE