IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORACIO SANCHEZ, JR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:22-1682 |
| ) | |
| v. ) | |
| ) | |
| LAUREL HARRY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff's Motion for Appointment of Counsel (ECF No. 96). For the reasons below, his motion will be denied.

**I.     Relevant Background**

Plaintiff Oracio Sanchez, Jr. is a state prisoner in the custody of the Pennsylvania Department of Corrections (the "DOC"), which currently houses him at the State Correctional Institution at Fayette ("SCI Fayette"). He alleges that George Little, the previous Secretary of the DOC, issued a memo indicating that, as of January 1, 2023, inmates would not be allowed to purchase optional menu items for religious ceremonial meals, but are limited to providing input on the "best meal to be served." Because he is a Messianic Hebrew Israelite, this new rule has precluded him from eating roasted lamb, bitter herbs, unleavened bread and grape juice on the first night of Passover. He contends that this violates his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc to 2000cc-5 ("RLUIPA").

Plaintiff also alleges that the current DOC Secretary, Laurel Harry, has modified the policy implemented by former Secretary Little, but that the new policy (which he refers to as the "shelf-stable meal policy") continues to violate his rights under RLUIPA.

Plaintiff asserts that the Court should appoint counsel to represent him because he cannot afford to hire counsel himself and because the case has become too complex for him to handle without counsel.[1]

Despite these contentions, Plaintiff has already filed his own motion for summary judgment and responded to a cross-motion for summary judgment filed by Defendant. He has repeatedly demonstrated his ability to handle this case, including discussing relevant case law.

Earlier in this case, Plaintiff filed a motion for appointment of counsel (ECF No. 8). On December 28, 2022, the Court filed an order (ECF No. 11) denying his motion and informing Plaintiff that, should the case survive dispositive motions and appear ready to proceed to trial, the Court would reconsider his request.

**II.     Conclusion**

For all of the reasons identified in the Court's December 28, 2022 order, his second motion for appointment of counsel will be denied. As Plaintiff acknowledges, this case is not past the dispositive motions stage. Indeed, there are pending dispositive motions which, as noted above, Plaintiff has extensively briefed.

Based on the foregoing, Plaintiff's Motion for Appointment of Counsel (ECF No. 96) is DENIED without prejudice.

So ORDERED this 1st day of November 2024.

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

---

[1] In the same motion, Plaintiff seeks a temporary restraining order. In a separate order, Defendant will be directed to respond to this motion.