IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORACIO SANCHEZ, JR., | ) |
| Plaintiff, | ) Civil Action No. 2:22-1682 |
| v. | ) |
| LAUREL HARRY, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion for a Temporary Restraining Order. (ECF No. 96.) For the reasons below, his motion will be treated as a motion for preliminary injunction and will be denied.

### I. Relevant Background

Plaintiff Oracio Sanchez, Jr. is a state prisoner in the custody of the Pennsylvania Department of Corrections (the "DOC"), which currently houses him at the State Correctional Institution at Fayette ("SCI Fayette"). In his Complaint, he alleged that George Little, a former Secretary of the DOC, issued a memo stating that, as of January 1, 2023, inmates would not be allowed to purchase optional menu items for religious ceremonial meals, but would be limited to providing input on the "best meal to be served." Because Plaintiff is a Messianic Hebrew Israelite, the rule has precluded him from eating roasted lamb, bitter herbs, unleavened bread and grape juice on the first night of Passover. He claims that these policies violate his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc to 2000cc-5 ("RLUIPA").

Subsequently, Laurel Harry replaced George Little as the Secretary of the DOC and as the Defendant in this case. In December 2023, Secretary Harry issued an amended policy that allows

qualifying faith groups to choose the best meal of the week for their religious meal, and also having the ability to purchase one group order for an identical shelf-stable item (the "shelf-stable meal policy"). Plaintiff alleges that Secretary Harry's shelf-stable meal policy still violates his rights under RLUIPA.

In his pending motion, Plaintiff seeks a temporary restraining order ("TRO") that would require Defendant Harry to allow him as well as other Messianic Hebrew Israelites to observe Passover on April 10, 2025 by ordering roasted lamb, unleavened bread, bitter herbs and grape juice "in accordance with the status quo prior to the policies in controversies [sic]."

## II.   Discussion

Rule 65(b) of the Federal Rules of Civil Procedure requires that a party who seeks a TRO must clearly show that he will sustain immediate and irreparable injury if a TRO is not granted before the adverse party can be heard. Here, however, Plaintiff's motion was filed well after Defendant appeared and responded to the Complaint. Indeed, this action has been actively litigated over the course of several years, and Defendant has responded to Plaintiff's motion for a TRO. Under these circumstances, Plaintiff's request for a temporary restraining order is not properly analyzed under the standard for granting a TRO. Instead, Plaintiff's motion will be treated as a motion for a preliminary injunction under Rule 65(a).

In order to obtain preliminary injunctive relief, a party must first demonstrate a likelihood of success on the merits and that it is likely to suffer irreparable harm is an injunction is not issued. *Mallet & Co. Inc. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021). If these factors are met, a court must also consider whether granting the requested relief will result in greater harm to the nonmoving party and favors the public interest. *Id.*

Preliminary injunctions are usually brought to preserve the status quo pending the outcome of an action. *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). In this case, however, Plaintiff is not seeking to preserve the status quo, which is the "shelf-stable meal policy" currently in place as implemented by Secretary Harry. Rather, he is seeking an order that changes the existing policy to the one that he contends was in place before the changes implemented by Secretary Little and Secretary Harry. Because Plaintiff seeks to change the status quo, this would require a mandatory injunction, which is subject to an even higher standard. *See Communist Party of Ind. v. Whitcomb*, 409 U.S. 1235, 1235 (1972) (noting that a mandatory injunction is an "extraordinary remedy [to] be employed only in the most unusual case.")

The Prison Litigation Reform Act ("PLRA") addresses requests for prospective relief regarding prison conditions. It provides that any such relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(1)(A), (2)). In considering a prisoner's request, a court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." *Id*.

When an inmate requests preliminary injunction relief that would essentially require a ruling on the ultimate issue in a case, courts have refrained from prematurely granting such relief. *McClain v. Walsh*, 2012 WL 5398604, at *9 (M.D. Pa. Sept. 28, 2012), *report and recommendation adopted*, 2012 WL 5395823 (M.D. Pa. Nov. 5, 2012). *See also Messner v. Bunner*, 2009 WL 1406986, at *5 (W.D. Pa. May 19, 2009) ("Plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court, upon consideration of Defendants' motion to dismiss, or at trial.")

In her response to Plaintiff's motion, Defendant contends that Plaintiff has not demonstrated irreparable harm because he is not being immediately harmed by any policy. Rather, he is addressing issues related to Passover in April 2025, which is months away. The Court of Appeals has held that "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) (citation omitted).

The Court agrees that Plaintiff has not made a clear showing of immediate irreparable harm by addressing only the alleged effect of the shelf-stable meal policy in April 2025.

Plaintiff also contends that he has shown a likelihood of success on the merits based on a decision by Chief Judge Hornak regarding a motion for preliminary injunction in *Williams v. Little*, Civ. A. No. 1:23-0037. He further argues that, more recently, Judge Hornak held in *Williams* that Secretary Little's fellowship meal policy violates RLUIPA and has scheduled a bench trial on the issue of whether Muslims should be allowed to have fresh meat on their holy days.

Defendant notes in her response that Judge Hornak granted summary judgment for the defendant in *Williams* on several issues. Moreover, this Court has asked the parties to supplement their summary judgment briefing by analyzing the possible impact on this case of Judge Hornak's decision in *Williams*, as well as a recent Third Circuit RLUIPA case. The Court also notes that while it will certainly review the parties' analyses, it is not bound by the result in *Williams*, and the underlying facts in *Williams* involve a plaintiff with a different religion who is lodged in a different prison, and therefore, may result in different findings. In addition, Plaintiff seeks to extend the ruling in *Williams* to Secretary Harry's shelf-stable meal policy even though the *Williams* case does not address it. Thus, at this point, Plaintiff has not demonstrated a likelihood of success on the merits in this case.

At any rate, it does not necessarily follow that Plaintiff would be entitled to relief in the form of returning the policy at SCI Fayette to the one that existed prior to 2023. That issue remains subject to further review and analysis.

Therefore, it is ORDERED that the motion for a TRO (ECF No. 96), which is properly construed as a motion for preliminary injunction, is DENIED.

Dated: December 2, 2024

BY THE COURT:

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge

Cc:   Oracio Sanchez, Jr
      KR-8346
      SCI Fayette
      48 Overlook Drive
      Labelle, PA 15450